UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AMOS WALKER,

    Plaintiff,

v.                                        Case No. 5:24-cv-99-TKW/MJF

PATE, *Sgt*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 28, 2024, the undersigned ordered Plaintiff to pay the $405 filing fee and submit a properly-completed motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a compliance deadline of July 29, 2024, and warned Plaintiff that failure to comply with the order would likely result in dismissal of this action. Plaintiff did not comply with that order.

On July 15, 2024, undersigned's order of June 28, 2024 was returned with the notation that Plaintiff was released from custody on July 3, 2024. Doc. 4. On July 29, 2024, the undersigned ordered Plaintiff to pay the filing fee and submit a notice of address change and a notice of intent to prosecute. Doc. 5. The undersigned imposed a compliance deadline of August 29, 2024, and again warned Plaintiff that failure to comply with the order likely would result in dismissal of this action.

The undersigned's order was returned as "undeliverable" because Plaintiff was released on July 3, 2024. Plaintiff did not file a forwarding address with the clerk of the court. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order of June 28, 2024 and the show-cause order of July 15, 2024. Also, for over two months, Plaintiff has made no effort to prosecute this action.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a

court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court order and has failed to update his mailing address. Also, for over two months, Plaintiff has made no effort to prosecute this action. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. Conclusion

Because Plaintiff failed to comply with court orders and has failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 3rd day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C.**

**§ 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**